New York County.—Hon. D. G. ROLLINS, Surrogate.—February, 1885.

Mason *v.* Williams.

*In the matter of the estate of* Louis C. Hamersley, *deceased.*

The Code of Civil Procedure makes no provision for the trial of issues raised by means of objections filed, by parties opposing the probate of a will, upon an application by the temporary administrator of decedent's estate for leave to discharge certain items of alleged indebtedness.

Under Code Civ. Pro., § 2674, providing that "the Surrogate may, upon the application of the temporary administrator, and upon proof to his satisfaction that the assets exceed the debts, make an order permitting the applicant to pay the whole or any part of a debt due to a creditor of the decedent," the only limitation upon the authority of such a rep-

resentative to pay debts, in his own discretion, as if he were an administrator in chief, is the necessity for satisfying the Surrogate that the total value of the assets exceeds the amount of all the debts ; this requirement being satisfied, the Surrogate should grant permission to discharge a debt whose validity is attested by the administrator's oath, and which bears no indication of mistake, exorbitance or fraud, subject to such objections as any person interested may interpose upon a subsequent accounting.

APPLICATION by George G. Williams, temporary administrator of decedent's estate, for an order permitting him to pay certain debts and expenses of administration ; opposed by Henry Mason and others, contestants of the will

GEO. G. DEWITT, JR., *for administrator.*

F. & C. A. H. BARTLETT, *for objectors.*

THE SURROGATE.—The temporary administrator of this estate, who has been acting as such since December 20th, 1883, asks for an order authorizing and directing him to withdraw, from the funds deposited by him in the Union Trust company, an amount sufficient to pay certain debts and expenses of administration, which are specified in his application and in the several schedules thereto attached.   In obedience to the directions of the order by which he was granted letters, notice of this application has been given to the proctors for parties contesting the probate of the paper propounded as this decedent's will. They oppose the payment of several items of alleged indebtedness which the petitioner asks leave to pay, and have indicated the nature of their opposition by filing written objections.

The Code makes no provision for the trial of such

issues as are thus sought to be raised.  It provides
(§ 2674) that, after the lapse of a year from the grant
of letters, " the Surrogate may, upon the application
of the temporary administrator, and upon proof to
his satisfaction that the assets exceed the debts, make
an order permitting the applicant to pay the whole or
any part of a debt due to a creditor of the decedent."
It will be observed that, while the validity of any
debt that the applicant may ask leave to discharge is
not, by the terms of the section, required to be estab-
lished to the satisfaction of the Surrogate, it is,
nevertheless, distinctly provided that, before making
the desired order, that officer *must* require proof that
the total indebtedness of the estate is less than its
total assets.

I cannot believe that this apparent discrimination,
between things required to be proved and things not
required, is accidental and without real and positive
significance.  Is not this, indeed, the scheme of the
fifth article, of which § 2674 forms a part—that
a temporary administrator must furnish security
for the due performance of his trust precisely as if
he were administrator in chief; that he may then
exercise, under certain prescribed limitations, the
same authority that could be exercised by such an
administrator; that his authority to pay debts is
subject to this restraint, and this alone, that it cannot
be made effective until it is demonstrated, to the sat-
isfaction of the Surrogate, that the value of the total
assets left by the decedent is greater than the amount
of all his debts; and that, when this has been estab-
lished, he will be permitted, as he would, of course, be

permitted were he administrator in chief, to use his own discretion respecting payment of persons claiming to be creditors, subject to such objections as any persons interested may see fit to interpose upon his subsequent accounting ?

I am disposed to think that this interpretation of the statute is a true one, and in any event I am very clear that the Surrogate should not, except under special circumstances, withhold from a temporary administrator the permission to discharge debts whose validity has been attested by the oath of that officer, and which bear no indications of mistake, exorbitance or fraud.   For the reasons suggested upon the argument of this motion, payment of the claim in behalf of the Chemical National bank may properly be postponed.   The other claims to which objection is made amount, in all, to little more than $5,000.   Even if they shall ultimately prove to be baseless, the administrator's bond will afford ample security for any error he may make in treating them as meritorious.

An order may be entered granting the prayer of his application, with the modification above indicated, and with the reservation of the right of these contestants to dispute upon the accounting, any items to which they now object (Stokes v. Dale, 1 *Dem.*, 260).